WELCOME and others *v.* THE YOSEMITE.

GILLESPIE and others *v.* SAME.

*(District Court, S. D. New York. October 31, 1883.)*

1. SEAMEN—DESERTION—FORFEITURE OF WAGES.
Where seamen in the engineer's department on a pleasure yacht, upon the discharge of the chief engineer, deliberately left the ship, with the intention not to return, and contrary to the orders of the master and owner, and did not return, *held,* desertion under the maritime law, and their wages for 12 days, during which they had been on the yacht, were forfeited.

2. SAME—SECTION 4597—ENTRY IN LOG.
Where desertion is made out according to the maritime law,—that is, with proof of intent not to return,—*held,* that an entry in the log under section 4597 is not a condition of forfeiture of wages.

In Admiralty.

*J. A. Hyland,* for libelants.

*Benedict, Taft & Benedict,* for claimant.

BROWN, J. In these cases the seamen belonging to the engineer's department on the steam-yacht Yosemite have sued for 12 days' wages. Most of them had signed shipping articles on the first of February, 1881, and performed their duties from that day to the 12th, when, upon the discharge of the chief engineer and first and second assistant engineers, they left the ship in a body, while she was moored at the wharf, against the orders and protest of the captain and owner. The defense is desertion, which, under the general rules of the maritime law, is made out upon satisfactory proof of leaving the ship *animo non revertendi.* In the present case the proofs show both the fact and the intent. In reply, it is urged that since the provision of the act of 1790, *c.* 29, desertion, to incur a forfeiture of wages, can only be shown in the manner provided by that act, (Rev. St. § 4597,) viz., by the absence being duly entered on the ship's log at the time; and no such entry having been made in the log of this vessel, no forfeiture of wages, it is said, can be adjudged.

If the provisions of the statute were designed to regulate the whole subject of desertion, then its enactments should be regarded as a substitute for the previous rules of the maritime law; and such was the view of BETTS, J., in the case of *The Martha,* Blatchf. & H. 151, and in some other subsequent cases.

In the case of *Coffin* v. *Jenkins*, 3 Story, 108, STORY, J., reiterated his previous opinion expressed in *Cloutman* v. *Tunison*, 1 Sumn. 373, that the provisions of the act of 1790 were designed to supplement the maritime law, and not to repeal or to supersede it; and this view was afterwards adopted by BETTS, J., in the case of *The Osceola*, Olc. 450, 461, and is now the settled construction.    2 Pars. Shipp. & Adm. 103, note; *The Galina*, 6 FED. REP. 927.    Section 5 of the act of 1790 has been held to be superseded by section 4596 of the Revised Statutes.    *Scott* v. *Rose*, 2 Low. 382.

Desertion may therefore be proved either under the maritime law, including proof of intent not to return, or absence without leave, or under section 4596, sub. 2, without reference to that intent. In this case the surrender by the seamen of their uniforms at the time of leaving, contrary to orders, and their jeers to their superior officers, telling them to stop their leaving if they could, leaves no possible doubt of their intent to abandon the ship and not to return.    No wages had become payable when they thus left the ship; and so, under the common-law contract of hiring, the seaman having broken his bargain before any wages were payable, could recover nothing.    *The Osceola*, Olc. 461.    The subsequent offer of their services in a body by the chief engineer, including himself and the first and second assistant engineers, no one but the chief engineer being present, was not a proffer of a return to duty in any manner ever recognized by law, and was without effect on the previous desertion.    The abandonment of the ship was willful and flagrant, and should be held a forfeiture of the wages for the 12 days' previous service.

The libels must be dismissed, with costs.