## THE VICTORIAN.

### (District Court, D. Washington, N. D. July 22, 1898.)

Seamen's Wages—Desertion—Evidence from Log.

By the act of February 18, 1895, the act of August 19, 1890, was so revised and amended as to exempt vessels in the coastwise trade (except between ports in the Atlantic and ports on the Pacific) and vessels engaged in trade between the United States and Canada from the requirements of the act of 1872 as to keeping official log books. Hence the wages of deserting seamen may be adjudged forfeited without any proof that they were ever noted in the log book as deserters.

This was a libel in rem by Lawrence Goldspring and Michael Moore against the steamship Victorian to recover seamen's wages.

P. P. Carroll, for libelants.
S. H. Piles, for claimant.

HANFORD, District Judge. The libelants, after signing articles for a voyage from Seattle, via. Victoria, to Alaska and return, entered into the service of the vessel, but left her on the third day at Victoria, and were there arrested on a criminal charge, and detained until after the vessel had proceeded on her voyage, when they were released for want of evidence to sustain the accusation against them. The claimant denies any liability, and insists that the libelants forfeited their wages by desertion. The official log book has not been introduced in evidence, and there is no proof that any entry was made therein of desertion, or any other offense committed by the libelants, and it is insisted that they cannot be treated as deserters by the court in this proceeding without proof that they were duly logged as deserters at the time, as provided by section 4597, Rev. St. U. S. I would sustain the contention of the libelants' proctor, and refuse to consider evidence of desertion, in the exercise of the discretion authorized by section 4597, if that statute were applicable in this case. The provisions of sections 4290–4292, 4596, and 4597, requiring official log books to be kept, and records of offenses to be made therein, are all part of a general and comprehensive statute prescribing the manner of shipping crews for American merchant vessels, and relating to the discipline and discharge of seamen, enacted in the year 1872. 17 Stat. 262. This statute, however, is limited by an act of congress approved June 9, 1874 (18 Stat. 64), which provides that none of the provisions of the act of 1872 "shall apply to sail or steam vessels engaged in the coast-wise trade, except the coast-wise trade between the Atlantic and Pacific coasts, or in the lake-going trade touching at foreign ports or otherwise, or in the trade between the United States and the British American possessions, or in any case where the seamen are by custom or agreement entitled to participate in the profits or result of a cruise, or voyage." By the second section of the act of June 19, 1886 (1 Supp. Rev. St. U. S. [2d Ed.] 493), it is provided "that shipping commissioners may ship and discharge crews for any vessel engaged in the coast-wise trade, or the trade between the United States and the dominion of Canada, or Newfoundland, or the West Indies, or the republic of Mexico, at the request of the master or owner of such vessel"; and by the act of August 19, 1890 (1 Supp. Rev. St. U. S. [2d Ed.] 780), the provisions of sections 4596 and 4597 are extended, and made applicable to vessels in the coastwise trade and the trade between the United States and the dominion of Canada, or Newfoundland, or the West Indies, or Mexico, where the crews of such vessels have been shipped by a shipping commissioner, as authorized by the act of 1886. And finally, by the act of February 18, 1895 (28 Stat. 667), the act of August 19, 1890, was so revised and amended as to cut out entirely sections 4596 and 4597, and to exempt vessels engaged in the coastwise trade

(except between ports on the Atlantic and ports on the Pacific coast) and vessels engaged in trade between ports of the United States and the dominion of Canada from the requirements of the act of 1872 as to keeping official log books. There is, therefore, no statute in force requiring the production of an official log book containing evidence of desertion of any of the crew from the steamship Victorian while on a voyage from Puget Sound to British Columbia or Alaska, and there is no rule applicable to this case contrary to the general admiralty law which deprives a deserter of all right to sue for and recover wages for his unperformed contract. The Yosemite, 18 Fed. 383. The evidence is clear and convincing that both of the libelants did willfully desert the vessel at Victoria. A decree of dismissal will be entered.