MOORE v. NEAFIE and others.

RYON v. THE TUG MARY J. FINN, etc.

*(District Court, S. D. New York.  July 21, 1880.)*

**1. SEAMEN — WAGES — STEAM-TUG SERVICE — USAGE. —** An established usage of a certain port, by which hands employed in the steam-tug service, at a certain rate of wages per month, are authorized to leave at any time, and their employers are permitted to discharge them at any time, and who, in either case, are paid up to the time of their leaving or their discharge, is neither injurious to the interests of commerce, unreasonable, nor contrary to the positive rule of law.

*Alexander & Ash*, for libellants.

*W. R. Beebe*, for respondents.

CHOATE, D. J.  These are suits for wages, brought by seamen who served on the steam-tug Mary J. Finn.  They were employed at a certain rate of wages per month, and not for any definite period of time, unless such mode of employment implies a definite time of service.  The course of business between the parties was to have a settlement on or up to the last day of each month.  The last settlement was up to the end of April, 1880.  On the fifteenth of May the respondents discharged the crew without assigning any cause.  They now claim their wages up to the end of May.  Respondents have tendered them their wages up to and including the day they were discharged.

Independently of any usage affecting the question, the libellants would be entitled to recover.  *The Hudson*, Olc. 396.  But the testimony in this case is full and conclusive that in this steam-tug service in this port the established usage is that the hands employed in this mode leave at any time, and that their employers discharge them at any time during the month, and in either case are paid up to the time of their leaving or their discharge.

It is argued that this usage is injurious to the interests of commerce, unreasonable, and contrary to the positive rule of law, and on these grounds void.  It is urged that the seamen may leave at a moment of danger, and so that the interests

of commerce will be seriously prejudiced by the recognition of the custom. It is not, however, shown, nor does the question arise in this case, whether the custom goes so far as to justify the hands in leaving the tug during a trip or voyage.

In this case the voyage was at an end when they were discharged; and in its application to such a case I see nothing embarrassing to commerce in giving effect to the usage. Nor is it unreasonable. Its advantages are not all on one side. If the employer may discharge the hands at any time, they also have, under the usage, a right which servants ordinarily do not have. If they can obtain better employment they can leave during the month and still claim their wages up to the last day they serve. The character of the class of persons generally employed as hands on steam-tugs has very probably led to the establishment of this usage. They are mostly irresponsible persons, and very many of them have no fixed or permanent occupation.

The further objection, that the usage is contrary to law does not, I think, apply to a usage of this character. The question really is, what is the contract between the parties as to the term of service, the agreement itself not being explicit on the subject? The rule of the common law, requiring a month's notice to terminate the employment, was adopted as being in itself reasonable, and seems to have rested on general usage. *Robinson* v. *Hindman,* 3 Esp. 234, [235;] 2 Parsons on Contr. (6th Ed.) 35, and notes.

I see no reason, therefore, why, in case the contrary usage has become established between a particular class of masters and servants, effect should not be given to it. It violates no principle of the common law, and the case does not seem to me to fall within that class of cases in which courts have condemned or discouraged the introduction of usage as being contrary to some well-established principle of the common law, or as mischievous in its effect by reason of its unsettling the law or introducing troublesome local exceptions into the law merchant. *Thompson* v. *Riggs,* 5 Wall. 663, 678; *Higgins* v. *Moore,* 34 N. Y. 417, 425, and other cases cited.

Libels dismissed, with costs.