THE EXPRESS.

(District Court, S. D. New York. May 2, 1904.)

1. SEAMEN—WAGES—PENALTY FOR REFUSING TO PAY WITHOUT SUFFICIENT CAUSE.

Libelants were hired as deck hands on a steamer making daily trips between New York and another port at $30 per month, and after working six days left the service without the consent of the master. *Held*, that the refusal of the owner to pay them wages for the time they worked did not subject him to the penalty imposed by Rev. St. § 4529, as amended U. S. Comp. St. 1901, p. 3077, for refusing and neglecting to pay seaman's wages when due without sufficient cause, there being reasonable ground, at least, for the owner's claim that libelants' contract was one from month to month, and that they had no right to abandon the service before the end of the month.

In Admiralty. Suit to recover seamen's wages.

Richard D. Currier, for libelants.
James J. Macklin, for claimant.

HOLT, District Judge. This is a libel for seamen's wages. The amount sued for is small, but the question of statutory construction involved is of some importance. The libel was filed by Higgins and

Buckley, who were employed by the master of the steamer Express to work as deckhands for $30 a month. The steamer made daily trips from New York to Newark and back. Libelants began work on October 14, 1903, and left the vessel, without the master's consent, on October 20th. I understand it to be admitted that the claimant has settled with Higgins. Buckley has been paid $1. He claims to be entitled to recover $5 still due for wages, and a dollar a day since, under the statute imposing that penalty for neglect to pay seamen's wages when due without sufficient cause. Rev. St. U. S. § 4529; Act Dec. 21, 1898, c. 28, § 4, 30 Stat. 756 [U. S. Comp. St. 1901, p. 3077]. The claimant refused to pay at first, on the ground that Buckley had no right to abandon the service until the end of the month, but in the answer has offered to pay the $5, but denies liability for the penalty. The sole question, therefore, is whether the penalty is due. In my opinion, the penalty cannot be recovered in this case. In the first place, the libel does not allege any facts showing that the refusal was without sufficient cause. In the next place, I think that there were reasonable grounds for the claim that this was a contract of employment from month to month. There are cases that hold that it is the custom at the port of New York that men engaged to work on vessels employed about the harbor may be discharged or may leave at any time, although their wages may have been fixed at a certain rate per month. Moore v. Neafie (D. C.) 3 Fed. 650; Disbrow v. The Walsh Brothers (D. C.) 36 Fed. 607. But this usage, in my opinion, only applies to men working on vessels employed about the harbor, making no regular voyages or trips. The general rule in admiralty is that a sailor who agrees to serve on a ship, without specifying any particular time, ships for the voyage; but I think that that rule would hardly apply in the case of a steamboat making regular daily trips between two ports. It is important in such a case that the employment should be steady and continuous, and I see no reason why, if a man makes a contract to work upon such a vessel at a certain amount per month, the contract should not receive its natural construction of being a contract by the month. At all events, the claimant asserted that that was the agreement, and that the men had no right, arbitrarily and without cause, after six days' service, to leave the ship. That was a fair question of controversy, and the refusal to pay under such circumstances was not, in my opinion, a refusal without sufficient cause, within the meaning of the statute. The statute is a penal statute, intended to punish masters of vessels who, without any just excuse, arbitrarily refuse to pay seamen their wages when due.

My conclusion is that there should be a decree for the libelant Buckley for $5. As the substantial question in controversy has been decided in favor of the claimant, the libelant should not recover costs.