## Case No. 2,105.

### The BUENA VISTA.

[3 Blatchf. 510;[1] 35 Hunt, Mer. Mag. 450.]

Circuit Court, S. D. New York. Sept. 10, 1856.

SEAMEN—LIBEL FOR WAGES — DEFENSES—INCOMPETENCY—NEGLIGENCE.

1. Hands obtaining employment of a special character on board of a vessel, as a cook, steward, or able-bodied seaman, are responsible for reasonable skill as such, and for acquaintance with their duties, and for an honest and faithful discharge of those duties.

[See Forbes v. Parsons, Case No. 4,929; Allen v. Hallet, Id. 223.]

---

[1] [Reported by Samuel Blatchford, Esq., and here reprinted by permission.]

2. Where a person who shipped as steward of a vessel for a voyage from Peru to New York, proved to be utterly incompetent and unskilful, and was guilty of wilful negligence and inattention to his duties, after repeated warnings and admonitions by the officers of the vessel: *Held*, in an action by him for his wages, that such incompetency and negligence were a good defence to the action, although he was not discharged from service, but was continued in employment as steward for the voyage.

3. Such a defence would, it seems, not be allowed, if there had been an opportunity to discharge the steward from the vessel, or if it had been possible to disrate him and put another in his place.

4. The distinction, in this respect, stated, between shore duty or duty upon coasting vessels, and a voyage at sea.

[Appeal from the district court of the United States for the southern district of New York.]

In admiralty. This was a libel in rem, filed in the district court, by one Bolton, against the ship Buena Vista, to recover a balance of wages. He shipped at Callao, in Peru, as steward, for a voyage to New York, at $50 per month, and signed the usual shipping articles. A portion of his wages was advanced to him. The district court decreed in favor of the libellant [decree unreported], and the claimant appealed to this court.

Horace E. Smith, for libellant.

Welcome R. Beebe and Mr. Donohue, for claimant.

NELSON, Circuit Justice. The defence set up in this case is, that Bolton misrepresented his fitness and qualifications as steward, and also that he was unfaithful, and grossly inattentive to his duties on board the vessel during the voyage. The proofs in the case are all one way, establishing his utter incompetency and unskilfulness as steward of a vessel, and also his wilful negligence and inattention to his duties, after repeated warnings and admonitions by the officers of the ship.

The answer given to this evidence is, that the master, under the facts stated, should have discharged the libellant; and that, inasmuch as he was continued in employment as steward for the voyage, according to the agreement, and until its termination, the defence is unavailable. I agree, that if it had been shown in the case that the master, after having discovered the unfitness of the seaman for the duties for which he shipped, had an opportunity to discharge him from the vessel, or, from the condition of his crew, might have disrated him, and put another in his place, it would be unreasonable, if not unjust, to permit a defence of this description. But there is no such evidence before me. In the case of shore duty, or duty upon coasting vessels, I should be strongly disinclined to encourage a refusal to pay full wages where the period of employment had been worked out. But a voy-

age at sea is different. There may be no opportunity to discharge the seaman from the ship, or the complement of hands may not be such as to make it possible to dispense with his services, unless a substitute can be procured; and, if he be disrated or discharged, under circumstances in which he cannot be put ashore, he must be supported for the remainder of the voyage. In all such and like cases, the only protection of the master and owners against the imposition or wilful negligence of the seaman, would seem to be to permit the defence set up here, namely, an abatement of wages. Hands obtaining employment of a special character on board of a vessel, as a cook, steward, or able-bodied seaman, are responsible for reasonable skill as such, and for acquaintance with their duties, and for an honest and faithful discharge of those duties.

There is no difference, in this respect, between the condition of seamen and any other description of service for hire. Courts are more indulgent in the case of seamen's contracts, from a consideration of their dependent condition; and I would not lightly interfere, in a claim for wages, after service for the period stipulated in the articles. The learned judge (Ingersoll) who decided this case in the court below, thought that the master should have discharged the libellant, and that the defence was not available after his continuance in service during the whole period contracted for. For the reasons above stated, I am unable to concur in that opinion. The decree must be reversed, and the libel be dismissed, with costs.