THE ALICE B. PHILLIPS.

(District Court, S. D. New York. January 29, 1901.)

1. SEAMEN—WAGES.

A seaman, who signed articles before a shipping commissioner at a distance from the vessel, to which he was furnished transportation, arriving on the same day at 6 p. m., *held* to be in the service of the ship that day, and entitled to wages therefor.

2. SAME—PENALTY FOR DELAY IN PAYMENT.

On the discharge of a seaman, a dispute having arisen as to the amount due him, the master went with him before a shipping commissioner, who decided in favor of the contention of the master. *Held*, that such decision, although erroneous, constituted a reasonably "sufficient cause" for withholding the additional wages claimed to exempt the ship and owners from the penalty imposed by Rev. St. § 4529, as amended by Act Dec. 21, 1898 (30 Stat. 756), for a failure to pay promptly on discharge.

In Admiralty. Libel by seaman to recover wages.

Peale & Bodine, for libelant.

Owen & Sturges, for defendant.

BROWN, District Judge. The libelant was shipped as a seaman for the schooner Alice B. Phillips before the shipping commissioner at Boston, and signed articles dated September 6, 1899. The vessel was at Fall River, and the libelant was supplied with his railroad fare to go thither, and took the train on the same day and arrived at the ship at 6 p. m. The voyage was completed and the men discharged at Bridgeport on September 26th, and the libelant was tendered $20 as the sum due, which he refused, claiming $21. Both parties went before the collector, but without submitting in writing any agreement to abide by his decision, and the collector ruled that but $20 was due the seaman, which the latter still refused to accept. Afterwards and before the present libel was filed, $21 was tendered and has been deposited in court. The libelant, however, claims additional pay at the rate of $30 per month, being one day's pay for every day during which payment was deferred.

I find,

1. That the libelant was in the service of the ship on the 6th as well as the 26th of September, and was, therefore, entitled upon his discharge to 21 days' pay.

2. That the resort of the master to the collector as local shipping commissioner to determine the dispute as to the amount of wages due was a proper and reasonable act; and that upon the collector's decision that only $20 was due the seaman, this together with the circumstance that the seaman in fact performed no actual service on board the ship on the 6th of September, constituted a reasonably "sufficient cause," within the provision of section 4529 of the Revised Statutes, as amended by the act of December 21, 1898 (30 Stat. 756), to exempt the ship and owners from the payment of additional wages beyond $21.

The libelant is entitled to $21; and he should have accepted this sum when tendered, as his former attorney in fact did, but which the

libelant repudiated, and then filed this libel. For having subsequently caused the arrest of the vessel in this action, unnecessarily in fact, the marshal's fees thereon must be charged against the sum deposited, and the balance be paid over to the libelant without other costs.