## THE GEORGE W. WELLS.

(District Court, D. Massachusetts. November 14, 1902.)

No. 1,349.

1. SEAMEN—ASSIGNMENT OF WAGES.

A paper signed by a seaman at the time he was hired, reciting that the captain and owners of the vessel "will please pay to M." a certain sum, "to be paid when due for services as sailor on board the" vessel, "and to be charged to my account at the end of the voyage or when duly discharged from said vessel," said paper being signed in the presence of the captain, who told M. the money would be paid him after it was earned, is an assignment of wages prior to the accruing thereof, within Rev. St. § 4536 [U. S. Comp. St. 1901, p. 3082], prohibiting the same.

2. SAME—WAGES DELAYED WITHOUT REASONABLE CAUSE.

Payment of wages of a seaman is not delayed "without sufficient cause" within Rev. St. § 4529 as amended by Acts 1898, c. 28, § 4 (30 Stat. 756 [U. S. Comp. St. 1901, p. 3077]), in such case providing for additional pay, though the cause of the delay, a contention that an order

of the seaman which had been paid was valid, was insufficient in law: "without sufficient cause" meaning "without reasonable cause."

John J. O'Connor and F. F. Sullivan, for libelants.
Carver & Blodgett, for claimant.

LOWELL, District Judge. This was a libel for wages. The libelants were hired at Newport News March 7, 1902, and served on a voyage from Newport News to Boston. The amount of wages earned by each libelant was $8.16. Before leaving Newport News each libelant signed a paper as follows:

"$6.00.                                 Newport News, Va., March 7th, 1902.
"Captain and owners schr. George W. Wells will please pay to John Mitchell·the sum of $6.00 for board and supplies, to be paid when due for services as sailor on board the schr. George W. Wells and to be charged to my account at the end of the voyage or when duly discharged from said vessel.
    "[Signed]                                           Andrew Berntsen.
"Witness to signature:
    "Ch. Browne."

These papers were signed in the presence of the master of the vessel, who told Mitchell that the money would be paid him after it was earned, either on the arrival of the vessel in Boston, or, if she was delayed on her voyage, then seven days after she had sailed, inasmuch as more than $6 would have been earned in that time. Before the crew was paid off in Boston on March 13th, the vessel's agent in Newport News had paid the money to Mitchell, taken up the orders, and forwarded them to the master of the vessel in Boston, where they were received by him before the vessel was docked. At the proper time he called the libelants to him, showed them the papers, and offered to each $2.16, being the balance due. This they refused to take, alleging that the orders were of no effect. The captain thereupon paid the balance to the shipping commissioner. Until the conversation last mentioned, the seamen made no attempt to revoke the order or assignment.

The question to be decided concerns the interpretation of Rev. St. § 4536 [U. S. Comp. St. 1901, p. 3082]. Was the paper signed at Newport News an assignment of wages made prior to the accruing thereof? Counsel for the claimant has argued that this was no assignment, but a mere order, in its nature revocable even after it had been verbally accepted by the master. It appears to me, however, that the whole transaction amounted to an assignment of wages within the fair intent of the statute, and that to recognize it as valid would be to do that which the statute was passed to forbid. See Tripp v. Brownell, 12 Cush. 376.

It remains next to consider if the libelants are entitled to the additional payment provided for in Rev. St. § 4529, as amended by section 4, c. 28, Acts 1898; 30 Stat. 756 [U. S. Comp. St. 1901, p. 3077]. Was the payment of the wages delayed "without sufficient cause"? That the cause of delay was insufficient in law has just been determined, but to construe the language thus narrowly is contrary to its reasonable intent. Congress can hardly have intended that in every controversy, however doubtful, which finally results in

the seaman's favor, he shall be entitled to additional compensation so large. Let us suppose, for example, a disputed question of fact concerning wages, where the conduct of the sailor has been such that the court refuses him costs, though he finally prevails so far as to collect a small part of his original claim. Payment is delayed until the decree of the court, made a year or more after the claim accrued. Can it be that the court is absolutely compelled, either in the original suit or in one subsequent, to award the libelant a bonus of four or five hundred dollars in addition to the four or five dollars of his wages actually detained? I think not. See The Alice B. Phillips (D. C.) 106 Fed. 956; The Topsy (D. C.) 44 Fed. 631, construing Statutes 17 & 18 Vict. c. 104, § 187. It is easy to perceive that the construction of the statute urged by the libelant would encourage seamen to speculate upon controversies between themselves and the ship. The phrase "without sufficient cause" should rather be construed as equivalent to "without reasonable cause." In this sense there was reasonable cause in the case at bar for the delay in the payment.

Decree for the libelants for the amount of wages due and costs.