## THE AMAZON.

(District Court, W. D. Washington, N. D. February 19, 1906.)

### Nos. 3,162, 3,173.

1. SEAMEN—WAGES—TERMINATION OF CONTRACT BY MUTUAL CONSENT.

The crew of a sailing vessel objected to going to sea short-handed, and were given the option by the master to so make the voyage or be discharged without pay; but, as they persisted, he obtained another crew and made no objection when the old crew left the vessel, neither discharging them nor logging them as deserters. *Held*, that the court was not authorized to treat them as deserters, but that their contract must be considered as having been terminated by mutual consent, and they were entitled to recover wages for the time they served.

2. SAME—DAMAGES FOR WITHHOLDING WAGES.

Rev. St. § 4529, as amended by Act Dec. 21, 1898, c. 28, § 4, 30 Stat. 756 [U. S. Comp. St. 1901, p. 3077], providing that every master or owner who refuses without reasonable cause to pay seamen their wages when due shall pay an additional sum equal to one day's pay for every day during which such payment is delayed, must be considered as intended to secure justice, and not to penalize vessels for mere errors of judgment on the part of their masters, and should not be applied in a case where seamen left their ship on account of a matter as to which there was reasonable ground for controversy, which constituted sufficient cause for litigating their right to recover wages.

3. SAME—OFFENSES—FAILURE TO ENTER IN LOG.

Since the amendment of Rev. St. §§ 4596, 4597, by Act Dec. 21, 1898, c. 28, §§ 19, 20, 30 Stat. 760, 761 [U. S. Comp. St. 1901, pp. 3113, 3115], the provisions of section 4597, which authorize a court to refuse to receive evidence of offenses by seamen not entered in the official log as therein required, are applicable to vessels in the coasting trade.

In Admiralty. Suit for seamens' wages and damages for delay in payment. Decree for libelants for amount earned by actual service and costs.

William Hickman Moore, for libelants.
. William H. Brinker, for claimant.

HANFORD, District Judge. The libelants and five others hired as members of the crew of the schooner Amazon, for a voyage from Kranapali, in the Sandwich Islands, to Portland, Or., and went on board, and performed their duties for seven days. During that period a man named Duffy, who was the only other member of the crew, left the ship, and when the captain was about to proceed on the voyage, with a crew of only seven men before the mast, they refused to obey an order to loosen the sails, and protested to the captain against going to sea short-handed. The captain refused to secure an additional man to fill the vacancy, and gave all of the seven an option to perform the voyage short-handed or leave the ship without pay. The crew unanimously persisted in refusing to go to sea short-handed, and the captain then went ashore, and hired seven Japanese, who constituted the crew on the voyage to Portland. The captain refused to send the men ashore in a ship's boat, but he informed a boatman on shore that there were seven men aboard the ship who wished to leave her, and that he consented to their being brought ashore, and acting upon his suggestion the boatman took the men ashore with their belongings. The Amazon is a fourmasted schooner, having a donkey engine to assist in heavy work, and eight men before the mast is the complement of seamen usually carried.

' Considering these facts, I am convinced that the men acted under an honest belief that they were within their rights in refusing to go to sea with only seven men for a crew. If they were wrong in this, the captain had a right to either discharge them without pay, or to refuse to consent to their departure. If they had remained in the vessel, they would have been obliged to obey orders under pain of punishments which the law prescribes, and if they had left the vessel without the captain's consent, and if he had logged them as deserters, pursuant to section 4597, Rev. St. U. S., as amended by the twentieth section of Act Dec. 21, 1898, c. 28, 30 Stat. 761 [U. S. Comp. St. 1901, p. 3115], their wages would have been forfeited. Inasmuch as the captain did not formally discharge the men, and did connive with the boatman to get them out of the vessel, and did not log them as deserters, the court is not authorized to treat them as deserters; and, on the other hand, as the men voluntarily abandoned the voyage, without having been formally discharged, the court must hold that their contract was terminated by mutual consent, and that they are legally entitled to receive pay for only the time of their actual service, at the rate of wages stipulated in the contract.

The libelants claim compensation for the wrongful withholding of their pay, as provided by section 4529, Rev. St. U. S., as amended by the fourth section of Act Dec. 21, 1898, c. 28, 30 Stat. 756 [U. S. Comp. St. 1901, p. 3077]. In a court of admiralty in which the principles of equity are applied as far as may be, this statute must be considered as a measure of justice, and not as a penal statute to mulct vessels for mere errors of judgment on the part of their masters in litigating demands for wages. It prescribes a rule for determining definitely the

time when wages which have been earned shall be due and payable, and also provides that:

"Every master or owner who refuses or neglects to make payment in the manner hereinbefore mentioned without sufficient cause shall pay to the seamen a sum equal to one day's pay for each and every day during which payment is delayed beyond the respective periods, which sums shall be recoverable as wages in any claim made before the court."

Under this statute, seamen are entitled to have their wages continue at the contract rate until paid, the wages for the interval of time between cessation of work and payment being intended as liquidated damages for the withholding, without sufficient cause, of what is due, and when wages have been honestly earned and become due, and there is no reasonable ground for controversy with respect to the right of the seamen to receive payment, it is eminently just that they should be compensated for vexatious delay by an award of additional wages as liquidated damages. The Wexford (D. C.), 3 Fed. 577. In this case, however, there was an actual controversy, and, if the captain had reasonable grounds for maintaining the controversy on his side, he had a lawful right to have the questions adjudicated by the court, and his refusal to pay the wages demanded, under those conditions, would not be a wrongful withholding of wages without sufficient cause. Therefore the court must assume the responsibility of deciding whether there were reasonable grounds for contesting these claims for wages. On this point the court finds that the captain believed that with seven men before the mast his vessel was well manned for the voyage in question, and he also believed, and had reason to believe, that the libelants and their associates were responsible for the conditions which constituted the ground of their protest, by having caused the desertion of a member of the crew by abusing him for working for a lower rate of wages than the union scale, which they were interested in maintaining, and so believing he was not acting dishonestly in refusing to accede to the demands of the libelants and their associates. The answers filed in these cases charge the libelants with having caused Duffy's desertion, and, although that charge has not been sustained by a preponderance of the evidence, the fact that Duffy remained in the vessel and worked faithfully in discharging her cargo of coal, after his shipmates who made the voyage with him from Australia had been discharged and paid off, and that he quit without pay after the libelants came on board, convinces me that the charge was made in good faith and upon a reasonable belief in the mind of the captain that by waging this suit the libelants are trying to profit by their own wrong. Upon these findings the court holds, as a legal conclusion, that the captain did have reasonable grounds for his contention, and a legal right to submit the same to the court for adjudication, and that until an adjudication of such a controversy the law affords no basis for an award of liquidated damages.

In refusing to treat the libelants as deserters, the court intends to give effect to section 4597, which provides that the court may refuse to consider evidence of offenses by seamen not entered in the official log. In the case of The Victorian (D. C.) 88 Fed. 797, this court decided that section 4597 was not applicable to vessels in the coasting

trade. That decision, however, was rendered in July, 1898, and thereafter section 4597 was re-enacted, with a slight amendment, in the act of December 21, 1898, which act is by its terms applicable to all vessels not specially exempted, so that vessels in the coasting trade are now required to keep an official log.

Let a decree be entered in favor of each of the libelants for seven days' services, at the rate of $35 per month, and costs.