HESSIAN v. PATTEN et al.

(Circuit Court of Appeals, Eighth Circuit. October 21, 1907.)

No. 2,503.

APPEAL AND ERROR—REVIEW—QUESTIONS CONSIDERED.

A question not put in issue by the pleadings, nor covered by the decree of the court below, and the determination of which was not necessary to the decision made, will not be determined by the appellate court, although the trial court may have made a finding thereon.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, §§ 3331, 3341.]

On motion for rehearing. Denied.

For former opinion, see 154 Fed. 829.

Before SANBORN and HOOK, Circuit Judges, and PHILIPS, District Judge.

SANBORN, Circuit Judge. A petition for a rehearing or for a modification of the opinion in this case, so that it may indicate the status of the claim made by William H. Patten to a homestead in his life estate in the lot and store building which he conveyed to Mrs. Taylor, has been submitted. The purpose and the prayer of the bill were that the deed from Patten to Mrs. Taylor, whereby he reserved his life estate and conveyed the remainder to her, which was made on February 15, 1902, should be adjudged fraudulent and void against the creditors of his estate in bankruptcy, and against the complainant, their trustee. The bill did not mention his claim for a homestead, nor did it seek any relief against it. The answer was that the deed assailed was valid, and the prayer of the defendants was that the relief sought by the complainant should be denied, that the deed should be declared valid, and that they should have general relief. They did not pray for any adjudication or affirmance of any homestead claim of William H. Patten. To this answer the complainant filed a general replication. The defendants filed no cross-bill to establish or obtain an adjudication of Patten's claim to the homestead. There was, it is true, an averment in the answer that on October 23, 1903, Patten moved into the store building, that he occupied the lot on which it stood as his homestead, and that he had then and subsequently claimed it as such. The judge who heard the case below filed findings of fact and conclusions of law in which he declared that Patten occupied and claimed the property as a homestead, and that he had a valid homestead in it, before the proceedings in bankruptcy were instituted; but they were never carried forward to, nor embodied in, the decree which determined the suit, nor was an adjudication of the homestead issue necessary to the decree that was rendered. That decree was that the bill be dismissed, and that the defendants recover their costs, and it contained no other adjudication. The result is that the question whether or not Patten had a homestead in his life estate in this property was not presented for adjudication by proper pleadings, it was not adjudicated in the court below, it was not presented to this court for review, nor was it here decided.

The proceedings in this suit do not render that question res adjudicata, and the motion for a rehearing, or for a modification of the opinion, is denied.