THE EDWARD R. WEST.

(District Court, W. D. Washington, S. D. February 23, 1914.)

No. 859.

1. SEAMEN (§ 10*)—PROVISIONS—SHORTAGE.
   Seamen *held* entitled to an allowance for shortage of provisions furnished on a voyage from Callao, Peru, to Grays Harbor, below the quantities specified in Rev. St. § 4612 (U. S. Comp. St. 1901, p. 3120).
   [Ed. Note.—For other cases, see Seamen, Cent. Dig. §§ 34–38; Dec. Dig. § 10.*]

2. SEAMEN (§ 10*)—PROVISIONS—ALLOWANCE FOR SHORTAGE.
   The provision of Rev. St. § 4568 (U. S. Comp. St. 1901, p. 3099), that, if the allowance of any of the provisions to which any seaman is entitled under section 4612 (U. S. Comp. St. 1901, p. 3120) is reduced by any quantity not exceeding one-third of the quantity specified, he shall be entitled to receive as compensation a sum not exceeding 50 cents per day, but, if the reduction is of more than one-third, he may be allowed $1 per day, applies to a shortage in any separate article of food specified, and not to a reduction of less or more than one-third of the entire quantity.
   [Ed. Note.—For other cases, see Seamen, Cent. Dig. §§ 34–38; Dec. Dig. § 10.*]

In Admiralty. Suit by Fred Benson, Harry W. Morse, Edward Jones, Wallace Stanners, and Charles Peterson against the schooner Edward R. West; the Slade Shipping Company, claimant. Decree for libelants.

Stewart & Tucker, of Aberdeen, Wash., for libelants.
Bridges & Bruener, of Aberdeen, Wash., for claimant.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

CUSHMAN, District Judge. [1] Libelants complain that, while seamen on the schooner Edward R. West, an American vessel, for the entire voyage of 63 days from Callao, Peru, to Grays Harbor, they were not furnished food of the proper quality or quantity, as provided in section 4612 (Federal Stat. Ann. vol. 6, p. 930 et seq. [U. S. Comp. St. 1901, p. 3120]), though they demanded of the master the regular schedule of provisions; that the allowance was reduced by more than one-third; and that proper substitutes were not furnished. Suit is brought under section 4568, R. S. (Fed. Stat. Ann. vol. 6, p. 893 [U. S. Comp. St. 1901, p. 3099]). These sections provide:

Scale of provisions to be allowed and served out to the crew during the voyage:

| Article | Totals for Week | | Article | Totals for Week | |
|---|---|---|---|---|---|
| Water | 28 | Qts. | Rice | ⅔ | Pts. |
| Biscuit | 3½ | Lbs. | Coffee (green berry) | 5¼ | Oz. |
| Beef, salt | 3¾ | Lbs. | Tea | ⅞ | Oz. |
| Pork, salt | 3 | Lbs. | Sugar | 21 | Oz. |
| Flour | 1½ | Lbs. | Molasses | 1½ | Pts. |
| Canned meat | 2 | Lbs. | Dried fruit | 9 | Oz. |
| Fresh bread (daily) | 1½ | Lbs. | Pickles | ¾ | Pts. |
| Fish, dry, preserved | | | Vinegar | 1 | Pt. |
| or fresh | 1 | Lbs. | Cornmeal | 8 | Oz. |
| Potatoes or yams | 7 | Lbs. | Onions | 12 | Oz. |
| Canned tomatoes | 1 | Lbs. | Lard | 7 | Oz. |
| Peas | ⅔ | Pts. | Butter | 7 | Oz. |
| Beans | ⅔ | Pts. | Mustard, pepper and salt sufficient for seasoning | | |

## Substitutes.

One pound of flour daily may be substituted for the daily ration of biscuit or fresh bread; two ounces of desiccated vegetables for one pound of potatoes or yams; six ounces of hominy, oatmeal, or cracked wheat, or two ounces of tapioca, for six ounces of rice; six ounces of canned vegetables for one-half pound of canned tomatoes; one-eighth of an ounce of tea for three-fourths of an ounce of coffee; three-fourths of an ounce of coffee for one-eighth of an ounce of tea; six ounces of canned fruit for three ounces of dried fruit; one-half ounce of lime juice for the daily ration of vinegar; four ounces of oatmeal or cracked wheat for one-half pint of cornmeal; two ounces of pickled onions for four ounces of fresh onions.

When the vessel is in port and it is possible to obtain the same, one and one-half pounds fresh meat shall be substituted for the daily rations of salt and canned meat; one-half pound of green cabbage for one ration of canned tomatoes; one-half pound of fresh fruit for one ration of dried fruit. Fresh fruit and vegetables shall be served while in port if obtainable. The seamen shall have the option of accepting the fare the master may provide, but the right at any time to demand the foregoing scale of provisions. Section 4612, pp. 932 and 933, vol. 6, Fed. Stat. Ann.

If, during a voyage, the allowance of any of the provisions which any seaman is entitled to under section forty-six hundred and twelve of the Revised Statutes is reduced except for any time during which such seaman willfully and without sufficient cause refuses or neglects to perform his duty, or is lawfully under confinement for misconduct either on board or on shore; or if it shall be shown that any of such provisions are, or have been during the voyage, bad in quality or unfit for use, the seamen shall receive, by way of compensation for such reduction or bad quality, according to the time of its continuance, the following sums, to be paid to him in addition to and to be recoverable as wages:

First. If his allowance is reduced by any quantity not exceeding one-third of the quantity specified by law, a sum not exceeding fifty cents a day.

Second. If his allowance is reduced by more than one-third of such quantity, a sum not exceeding one dollar a day.

Third. In respect of bad quality, a sum not exceeding one dollar a day.

But if it is shown to the satisfaction of the court before which the case is tried that any provisions, the allowance of which has been reduced, could not be procured or supplied in sufficient quantities, or were unavoidably injured or lost, or if by reason of its innate qualities any article becomes unfit for use and that proper and equivalent substitutes were supplied in lieu thereof, the court shall take such circumstances into consideration and shall modify or refuse compensation, as the justice of the case may require. Section 4568, R. S. p. 893.

Libelants rely upon the following cases: Schooner Thompson v. Martin (1900) 16 App. Cas. (D. C.) 222; The Rence (D. C.) 46 Fed. 805; United States v. Reed (C. C.) 86 Fed. 308; Petersen v. Cunningham Co. (1896 D. C.) 77 Fed. 211; Hill v. The Triumph, Fed. Cas. No. 6500.

In addition to certain cases cited by libelants, respondent cites The Ship Elizabeth v. Rickers, 2 Paine, 291, Fed. Cas. No. 4353.

Respondent admits that for the last 21 days of the voyage no butter was served libelants. It is admitted, also, that, during, but not for the entire, 21 days, there was a shortage of sugar, potatoes, and onions.

The evidence is very conflicting and, on the part of libelants, exaggerated. There is no fair preponderance of the evidence to show a shortage for a greater length of time than 21 days. There is no evidence to bring the respondent within any of the exceptions—either excusing provisioning the ship with the required food, or furnishing the seamen with the same. Though there was, undoubtedly, complaint made by the seamen concerning the character of the food served, it is concluded that it was not of poor quality.

The language of the statute, "bad in quality or unfit for use," clearly contemplates something more than poor cooking or seasoning of good food. Food of good quality might be rendered unfit for use in many ways. Hence the use of the latter expression; but its use, coupled with the first condition described—"bad in quality"—shows the degree of badness of quality intended to have been such as to unfit for use.

The evidence shows a demand upon the master early during the voyage for the statutory scale of provisions. For the shortage, no proper substitutes were furnished.

The case of The Ship Elizabeth v. Rickers, 8 Fed. Cas. 470, No. 4353, relied upon by respondent, is in no way at variance with the conclusion reached. The court there had before it a different statute —the Act of July 20, 1790—which provided that, on a voyage across the Atlantic, on leaving the last port, the master should have on board 60 gallons of water; 100 pounds of salted flesh meat; 100 pounds of wholesome ship bread for each person on board; and, in case the crew of any ship not so provided was put on short allowance, the master or owner of such ship should pay to each of the crew one

day's wages beyond the wages agreed upon for each day that they should be put upon short allowance.

United States v. Reed (C. C.) 86 Fed. 308, was a cause upon indictment of the master for the recovery by the government of a penalty, under section 5347, for withholding suitable food and nourishment from the crew.

The Rence (D. C.) 46 Fed. 805, was a suit for damages resulting from the failure to comply with section 4569. The language of these statutes is dissimilar to that of the one here involved. Petersen v. Cunningham, 77 Fed. 211, is a case more nearly in point.

[2] The only remaining question in the case is whether an award should be made of 50 cents a day for each libelant, as provided, where the reduction does not exceed one-third of the statutory allowance, or whether $1 a day should be allowed, as provided where the reduction does exceed one-third of such allowance.

If the statutory provision concerning one-third of the allowance contemplates the total amount of provisions to be furnished, the reduction in the present case would not exceed it. If it contemplates a shortage of the allowance of a single article of provision, for which no substitute is provided, the shortage did exceed it.

It is concluded that the separate articles of provision are contemplated, and not the total amount. That this is the meaning of the statute is not only to be gathered from the reading of section 4568, which provides, "If * * * the allowance of any of the provisions * * * is reduced * * * the seamen shall receive, by way of compensation," etc.; but the difficulty of determining the relative quantity of provisions furnished—where part of the required schedule is to be measured by weight, as meat and bread, and part by quantity, as rice, molasses, and pickles—points to the same conclusion. Further, the resultant hardship might be much greater if the total deprivation was of one article, as water or flour, though less than one-third of the total allowance, than that caused by withholding more than one-third of the allowance, if the deduction were somewhere near evenly distributed throughout the entire list.

Each of the libelants is awarded $1 per day for the 21 days of shortage established, with costs.