## THE SILVER SHELL.

### (District Court, E. D. New York. November 19, 1918.)

1. SEAMEN ⊸10—PROVISIONS—BURDEN OF PROOF.
   The burden is on the owner of a vessel to show that it was properly provisioned.
2. SEAMEN ⊸10—FOOD—LIABILITY.
   Under Rev. St. §§ 4612, 4568 (Comp. St. §§ 8357, 8392), the owner of a vessel is not liable for poor cooking, where good food was provided, or for the substitution of wholesome equivalents for provisions which could not be obtained in foreign ports.
3. SEAMEN ⊸10—FOOD—EVIDENCE.
   · On a libel by seamen who claimed one dollar per day for a period of 75 days because of the failure of the ship to provide food fit to eat and in sufficient quantities, evidence held insufficient to show that the vessel was at fault.
4. SEAMEN ⊸26—EXTRA WORK—RIGHT TO RECOVER.
   On a libel by seamen for reasonable compensation for extra work while the crew was short, evidence held insufficient to show that the seamen who filed the libel were compelled to do extra work.
5. SEAMEN ⊸33—WITHHOLDING OF WAGES—WHAT CONSTITUTES.
   Where there was an actual controversy between seamen and the owner as to the owner's failure to furnish required food and as to the seamen's claim for extra compensation, the captain had the lawful right to have the questions adjudicated by the court, and his refusal to pay the sums demanded by all seamen was not a wrongful withholding of wages.
6. SEAMEN ⊸33—WITHHOLDING OF WAGES—WHAT CONSTITUTES.
   Where the seamen's claim for additional compensation for extra work and for compensation for insufficient food was submitted to the shipping commissioner of a port and decided in favor of the captain of the vessel, that in itself established captain was making a bona fide contention, and the seamen could not recover on the theory that the withholding of the amounts claimed was withholding of wages.

In Admiralty. Libel by Axel Hansen and others against the steamship Silver Shell, etc. Libel dismissed.

Silas B. Axtell, of New York City, for libelants.
Kirlin, Woolsey & Hickox, of New York City, for claimant.

GARVIN, District Judge. Various members of the crew of the steamship Silver Shell have brought this libel to recover upon four alleged causes of action:

---

⊸For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

(1) Each libelant claims $1 per day for a period of 75 days because of the alleged failure of the ship to provide food fit to eat and sufficient in quantity pursuant to provisions of section 4612 of the United States Revised Statutes (Comp. St. § 8392), and, by amendment of the libel at the trial, of section 4568 of said statutes (Comp. St. § 8357).

(2) The libelants Axel Hansen, Alberts, Van Der Lee, Vantol, Olsen, Alec Hansen, Johansen, Leno, Helstrom, Zeilon, and Sjosmand claim for overtime which they allege they have earned.

(3) The libelants Fugelseth, Helstrom, and Leno claim such compensation as is reasonable for extra work required of them during a period of 24 days while the ship was en route from Sabang to Port Said, because for that period the boat had only three instead of seven able-bodied seamen as required by law.

(4) All libelants who have not been discharged and paid all of their wages claim waiting, time at the rate of two days' pay for every day until settlement of their claim for wages, overtime, etc., has been effected.

With respect to the first and second causes of action, various members of the crew testified. Taking their testimony as a whole, and even without considering the testimony offered by the respondent, it is far from satisfying. Thirteen libelants are named. Eight verified the libel. One, Vantol, who did not verify, repudiated his having been named as a libelant, and testified that he had no claim, although the libel sets up a claim in his behalf for eight hours' overtime. John Gallagher, not joined in the action originally, testified, making a claim for bad food and overtime. Two signatures of men appear in the verification of the libel. They do not appear in the libel, and one of them, Peter Vesser, testified that he had authorized no one to bring an action in his behalf. This is not calculated to impress the court with the good faith of the claims advanced, or with the reliability of those who testify in their behalf.

[1-3] So far as the first cause of action is concerned, it is true the burden is upon the owner to show that the ship was properly provisioned. The Emma F. Angell (D. C.) 217 Fed. 311; The Elizabeth Frith, Fed. Cas. No. 4,361.

But in view of the fact that various libelants (Fuglseth, p. 12; Leno, p. 34; Van Der Lee, p. 12) testified, either that substitutes were given when the food specified ran short, or else that it was improperly cooked, and having in mind that the claimant's testimony is to the effect that the real trouble was with poor cooking, that every effort had been made to engage a competent cook, and that whenever there was a shortage of certain articles of food (for which proper substitutes were not supplied) such as pickles, molasses, and beans, it was in those parts of the world where they could not be obtained, although the master attempted to secure them in every port at which the boat touched, it seems to me that the owner has sustained the burden of proof.

"The language of the statute, 'bad in quality or unfit for use,' clearly contemplates something more than poor cooking or seasoning of good food." The Edward R. West (D. C.) 212 Fed. 287.

"But in ports, where the specific articles of provisions cannot be obtained,

it would be unreasonable to suppose that the spirit and intention of the law do not permit equivalents, of other good and wholesome esculents, to be substituted and supplied, in place of provisions damaged or consumed.

"The owner or master is to take the best precautions to procure good and wholesome enumerated articles, which is often difficult in foreign ports."

Mariners v. Washington, Fed. Cas. No. 9,086.

[4] The third cause of action, a claim by three of the libelants for reasonable compensation for extra work which they claim was required of them for 24 days while the ship was going from Sabang to Port Said (the crew being four able-bodied seamen short) has not been established. The testimony offered by the claimant establishes to the satisfaction of the court that the four men from the crew who were discharged at Sabang were not only discharged for cause but could not have remained on the boat longer without endangering its safety. They were intoxicated and disorderly; the ship was loaded with gasoline, and there was danger of an explosion if they were allowed to come aboard. The captain made every effort to obtain seamen to take the places of those discharged and, when unsuccessful, after consultation with the consul at Columbo, made an arrangement with the gun crew of the boat, by which the gun crew did the work of the discharged men, and the court believes that the three seamen involved in this cause of action were not compelled to do extra work as they claim.

[5] As to the fourth cause of action, I am of the opinion that there is reasonable ground for holding that there was an actual controversy between the libelants and the owner. The captain, therefore, had a lawful right to have the questions adjudicated by the court, and his refusal to pay the sums demanded by the libelants, under those conditions, would not be a wrongful withholding of wages without sufficient cause. The Amazon (D. C.) 144 Fed. 153; The Sadie C. Sumner (D. C.) 142 Fed. 611; The George W. Wells (D. C.) 118 Fed. 761; The Alice B. Phillips (D. C.) 106 Fed. 956.

[6] The matters in controversy were submitted to the shipping commissioner in New York and were decided in favor of the captain. This of itself established that the captain was making a bona fide contention that the amounts claimed were not due. The Alice B. Phillips.

The libel is dismissed.