O'HARA et al. v. LUCKENBACH S. S. CO.

(Circuit Court of Appeals, Ninth Circuit. December 13, 1926.)

No. 4910.

Seamen ⬡⟳19—Refusal of master to pay wages demanded held not "without sufficient cause" which entitled seamen to penalty (Seamen's Act March 4, 1915, § 3 [Comp. St. § 8320]).

Where there was a doubtful legal question whether demand by seamen for discharge and wages before completion of the voyage was justified, refusal of the master to comply with the demand was not "without sufficient cause" within the meaning of Seamen's Act March 4, 1915, § 3 (Comp. St. § 8320), and the seamen are not entitled to recover double wages imposed as penalty by the section during the delay caused by litigation, though it was finally determined in their favor.

[Ed. Note.—For other definitions, see Words and Phrases, Second Series, Without Sufficient Cause.]

Appeal from the District Court of the United States for the Southern Division of the Northern District of California; Frank H. Kerrigan, Judge.

Suit in admiralty by William O'Hara and Sven Tjersland against the Luckenbach Steamship Company. From the decree, libelants appeal. Affirmed.

H. W. Hutton, of San Francisco, Cal., for appellants.

Louis T. Hengstler and Frederick W. Dorr, both of San Francisco, for appellee.

Before GILBERT and HUNT, Circuit Judges, and JAMES, District Judge.

HUNT, Circuit Judge. Appellants were quartermasters on the Steamship Louis

Luckenbach on a voyage from New York to Pacific Coast ports and return to the Atlantic, at a wage of $45 per month. Upon arrival in San Francisco appellants demanded discharges and wages, on the ground that certain members of the crew, other than libelants, had not been divided into equal watches. Seamen's Act, March 4, 1915, 38 Stat. 1164. Payment was refused. Libelants brought action in the District Court to recover their wages and for penalties for nonpayment. Decree was entered in favor of the steamship company. On appeal to this court the decree was affirmed. O'Hara v. Luckenbach, 1 F. (2d) 923. Certiorari was granted by the Supreme Court, and the decree of this court was reversed. O'Hara v. Luckenbach Co., 269 U. S. 364, 46 S. Ct. 157, 70 L. Ed. 313. In due course decree was presented to the District Court providing for recovery of penalties of two days' pay for each day from the date of discharge until the entry of the first decree in the District Court. Upon objection by the steamship company, the District Court struck out the provision for penalties, and entered a decree for the amount of wages claimed, with interest and costs. Libelants appealed.

The question is whether libelants are entitled to double pay under section 4529 of the Revised Statutes, as amended March 4, 1915, § 3 (38 Stat. 1164 [Comp. St. § 8320]) which reads as follows: " * * * Every master or owner who refuses or neglects to make payment in the manner hereinafter mentioned without sufficient cause shall pay to the seaman a sum equal to two days' pay for each and every day during which payment is delayed beyond the respective periods."

Whether seamen could obtain double payment of wages in a case where the master failed to comply with section 2 of the act already referred to, providing that the sailors shall, while at sea, be divided into at least two, and the firemen, oilers, and water tenders into at least three, watches which shall be kept on duty successively for the performance of ordinary work incident to the sailing and management of the vessel, seems to have been first decided by the District Court for the Northern District of California in the former proceedings to which reference has been made. The controversy was carried on in good faith, and presented for decision a question which the master had a right to have adjudicated. The fact that the Supreme Court concluded that our interpretation, which affirmed the view of the District Court, was erroneous, and therefore reversed the decree, is not by itself a valid reason for hold-

ing that there was not sufficient cause for refusal to make payment demanded by the men.

In the case of The George W. Wells (D. C.) 118 F. 761, a question arose pertaining to the validity of certain assignments of wages which the crew of a ship had made. The argument was that the assignments were against the law, and that the master was not justified in withholding payment of the wages. Judge Lowell said: "Was the payment of the wages delayed 'without sufficient cause?' That the cause of delay was insufficient in law has just been determined, but to construe the language thus narrowly is contrary to its reasonable intent. Congress can hardly have intended that in every controversy, however doubtful, which finally results in the seaman's favor, he shall be entitled to additional compensation so large. Let us suppose, for example, a disputed question of fact concerning wages, where the conduct of the sailor has been such that the court refuses him costs, though he finally prevails so far as to collect a small part of his original claim. Payment is delayed until the decree of the court, made a year or more after the claim accrued. Can it be that the court is absolutely compelled, either in the original suit or in one subsequent, to award the libelant a bonus of four or five hundred dollars in addition to the four or five dollars of his wages actually detained? I think not. * * * The phrase 'without sufficient cause' should rather be construed as equivalent to 'without reasonable cause.' " See, also, The Express (D. C.) 129 F. 655; The Amazon (D. C.) 144 F. 153; The Sentinel (D. C.) 152 F. 564; The Alice B. Phillips, (D. C.) 156 F. 956; The Silver Shell (D. C.) 255 F. 340.

In Gerber v. Spencer (C. C. A.) 278 F. 886, cited by libelants, the court held that the financial difficulties of the company were no defense for nonpayment of wages. And in Pacific Mail S. S. Co. v. Schmidt, 214 F. 513, 130 C. C. A. 657, the steamship company conceded the amounts due the men, but attempted to set off a claim for alleged stolen silverware, which claim was not sustained by the testimony. The court conceded the justice of the rule that the penalty would not be imposed in a case where there was a fair ground of dispute, though it decided that in that particular instance the evidence failed to show any ground.

We hold that the refusal to make payment was based upon reasonable cause, and that it would be unjust to penalize the steamship company because it litigated the question.

Affirmed.