## GOLD v. MATSON NAV. CO.

No. 21606.

District Court, N. D. California, S. D.

Nov. 2 and 4, 1933.

H. W. Hutton, of San Francisco, Cal., for libelant.

Brobeck, Phleger & Harrison, of San Francisco, Cal., for respondent.

KERRIGAN, District Judge.

This is an action against the respondent for the wages of a seaman. The action is based on section 596 of 46 USCA which provides for double pay on refusal of demand for earned wages without sufficient cause.

The libelant was employed as an able seaman on the respondent's vessel the Lurline for the voyage from Hongkong to San Francisco too late to sign the shipping articles before the United States consul. The consul at Hongkong authorized the signing of the shipping articles on board the ship and this was agreed to by both the captain of the Lurline and the libelant. After the vessel was under way, libelant refused to sign saying that there was dissension among members of the crew and that the food was bad. Arriving at Shanghai he demanded three days pay ($4.75), and said he was going to leave the ship there. He was referred to the American consul. Subsequently, he and the captain accompanied by the purser met at the office of the consul. There the captain took the position that he was governed by the shipping articles and since libelant had not signed them, he would not be warranted in paying him. The libelant offered to sign the articles if the captain would promise to pay him off. The captain told him if he signed, he took his chances in that regard, adding, however, that he would abide by the consul's ruling. The consul ruled that the libelant "had no case." The libelant was left in Shanghai. The libelant arrived in San Francisco before the Lurline and again demanded payment for his three days work. He was told he would have to await the arrival of the vessel. After the vessel arrived and after some discussion, he received his pay.

The penalty of the statute is imposed for refusal or neglect to pay wages "without sufficient cause." This has been interpreted as penalizing only a refusal without "reasonable cause." O'Hara v. Luckenbach S. S. Co., 16 F.(2d) 681 (C. C. A. 9). The Supreme Court said in Collie v. Fergusson, 281 U. S. 52, 50 S. Ct. 189, 191, 74 L. Ed. 696: "The phrase 'without sufficient cause' must be taken to embrace something more than valid defenses to the claim for wages. * * * In determining what other causes are sufficient, the phrase is to be interpreted in the light of the evident purpose of the section to secure prompt payment of seamen's wages * * * and thus to protect them from the harsh consequences of arbitrary and unscrupulous action of their employers, to which, as a class, they are peculiarly exposed."

In this case it is not enough to prove that the captain was wrong in failing to pay libelant's wages; it must also be shown that he acted arbitrarily and without reasonable cause. The evidence does not sustain this position. Libelant had shipped as a seaman

without complying with the provisions of section 570 of 46 USCA requiring that a seaman joining a ship at a foreign port, where there is an American consul, sign shipping articles in the presence of the consul. This was not done because the ship was ready to sail and was anchored some distance out. The consul by telephone authorized the captain to take libelant on and have him sign the shipping articles on board before the purser. He was replacing a seaman who had left the ship at Manila because of illness (see 46 USCA § 569). The procedure was irregular, but it was according to the instructions of the United States consul. The captain had reasonable grounds to believe that libelant was bound to make the voyage through to San Francisco in accordance with his oral contract and that he had no right to wages unless he stayed with the ship. It was not unreasonable for the captain to contend that he had no right to pay wages to any one who had not signed the shipping articles. Not only was there this reasonable ground to believe libelant was not entitled to wages at Shanghai, but also the captain avoided any imputation of arbitrary action by going with libelant to the American consul at Shanghai and submitting the controversy to him and abiding by the consul's decision that the libelant had no case. Where a captain submits such a controversy to a consul or shipping commissioner and abides by his decision, the captain is relieved of the charge of arbitrariness. The Alice B. Phillips (D. C.) 106 F. 956; The Silver Shell (D. C.) 255 F. 340.

Libelant's contention that the living conditions on the Lurline were bad does not seem to have been relied on by him before the consul, and, as no evidence to that effect was introduced at the trial, I believe that was a subterfuge relied on as a reason for wanting to leave the ship.

Because of the discussion of my views of the facts and law herein, I adopt this opinion as my findings of fact and conclusions of law in this case. Parker v. St. Sure (C. C. A.) 53 F.(2d) 706.

Let a decree be entered in favor of respondents without costs.

### Order.

It has been called to my attention that the amount of wages earned by libelant, namely $4.75, was not paid to libelant but merely tendered to him; that he refused the tender; and that the tender was renewed in the answer. It appears that no steps were taken to make the tender a continuing tender and that the money has not been deposited in court. Libelant is entitled to a decree for the amount of the wages earned on the trip from Hongkong to Shanghai, but he is not entitled to a decree for any penalty. Under the circumstances of the tender, libelant is entitled to costs.

Let a decree be entered in favor of libelant for $4.75 together with costs of suit herein.

It is ordered that my memorandum opinion of November 2d filed herein be and the same is hereby modified in so far as it is inconsistent with the views expressed herein.