**642**

Jose S. FERNANDEZ

v.

UNITED FRUIT COMPANY.

No. 3847.

United States District Court
E. D. Louisiana,
New Orleans Division.

March 31, 1960.

Raymond H. Kierr, Samuel C. Gainsburgh, New Orleans, La., for libelant.

Robert A. Collins, New Orleans, La., for respondent.

CHRISTENBERRY, Chief Judge.

This is an action by a seaman against his former employer to recover maintenance and cure. Trial was by the Court, sitting in Admiralty. After due consideration of the pleadings and proofs of the respective parties, and pursuant to Supreme Court Admiralty Rule 46½, 28 U.S.C.A., the Court now makes the following findings of fact and conclusions of law:

Findings of Fact

I.

Libelant, a sixty year old resident of Louisiana, was employed as a Junior Engineer aboard the Tes Jamaica during April of 1957. Prior to that he had worked aboard respondent's vessels almost constantly for some eleven years.

II.

Respondent is a foreign corporation engaged in foreign commerce, with an office in the City of New Orleans, Louisiana, within the Court's jurisdiction.

III.

This suit was filed on June 19, 1958, on the Civil side of this Court, but was transferred to the Admiralty side on January 16, 1959.

IV.

On September 19, 1956, libelant left the Tes Jamaica with complaints of gastrointestinal bleeding. He was given a certificate entitling him to treatment by the United States Public Health Service and entered the United States Public Health Service Hospital on September 11, 1956.

V.

After admission, he was evaluated and received treatment for gastrointestinal bleeding, of long-standing duration. There was no evidence that such ailment was in any way associated with his employment by defendant or that it first manifested itself aboard respondent's vessel.

VI.

On October 22, 1956, an operation, described as an exploratory laporatomy right hemicolectomy, was performed with a finding of adenocarcinoma of the

ascending colon. The cancer was removed.

### VII.

On January 27, 1957, he was found fit for duty and returned to his duties in the Tes Jamaica.

### VIII.

Libelant was paid maintenance totalling $536 for the period he was an outpatient between his departure from the ship and his return.

### IX.

There was no showing that the carcinoma of the colon recurred, or otherwise disabled libelant.

### X.

Libelant remained aboard the Tes Jamaica until April 27, 1957, at the end of Voyage No. 10, and made no complaint of any illness.

### XI.

On May 3, 1957, libelant on the basis of his discharge papers from the ship, became an outpatient of the United States Public Health Service Hospital in New Orleans.

### XII.

He received treatment for an abnormality of the lip which was later diagnosed as leukoplakia of the lip, a condition from which he had suffered previously and for which he had previously received treatment and surgery.

### XIII.

Libelant was admitted as an inpatient of the United States Public Health Service Hospital on May 22, 1957, because of complaints of recurrent dizziness.

### XIV.

His condition was diagnosed as generalized arteriosclerosis, aortic insufficiency and leukoplakia of the lip.

### XV.

Surgery of the lip was performed on May 24, 1957.

### XVI.

Libelant was paid maintenance totalling $1,564 for his outpatient periods through December 13, 1957, at which time he was found fit for duty with respect to the leukoplakia of the lip.

### XVII.

In January of 1958, the United States Public Health Service Hospital found libelant permanently unfit because of his many physical disorders, including the generalized arteriosclerosis and aortic insufficiency. The Public Health Service's diagnosis was justified.

### XVIII.

All of the causes of libelant's disability were attributable to normal degenerative changes common among cancer victims and others at advanced age, and were unrelated to his employment by respondent.

### XIX.

None of the disabling conditions manifested themselves while libelant was employed by respondent.

### XX.

The Public Health Service records and other evidence reflect that libelant had, or had had, the following infirmities:

1. Anemia.
2. Bleeding from the G.I. tract.
3. Dizzy spells of several years duration.
4. Adenocarcinoma of the ascending colon, removed by surgery October 22, 1956.
5. Generalized arteriosclerosis.
6. Aortic insufficiency.
7. Leukoplakia of lip (surgery on several occasions for removals).
8. Leukopenia.
9. Aortic systolic and diastolic murmur.
10. Chronic anxiety reaction from fear of cancer and surgery.
11. Duodenal ulcer.
12. Insomnia and nervousness, etc.
13. Rheumatic heart disease.

### XXI.

Since January of 1958, the United States Public Health Service Hospital

in New Orleans has consistently found libelant permanently unfit for sea duty.

### XXII.

Libelant continued being treated by the United States Public Health Service until the time of trial and at that time was still receiving treatment.

### XXIII.

The treatment he received was calculated to maintain control of the disorders and to prevent, so far as possible, aggravation and complications. As there is no hope for further cure, maximum cure had been effected by January of 1958, and further treatment was and is of a palliative nature only.

### XXIV.

Libelant has not resumed his employment, and will never be able to do so.

### XXV.

Libelant, at the time of trial, was receiving two pensions totalling $201 monthly, one from the National Maritime Union and one from Social Security. Both of said pensions are based upon proof submitted by libelant that he is permanently disabled; both pensions are dependent upon contributions by respondent.

### Conclusions of Law

#### I.

This suit is within the Admiralty and maritime jurisdiction of the United States and of this Court.

#### II.

A seaman seeking recovery of maintenance must show that his disability manifested itself in the service of respondent's vessel, or that it is related to an injury or illness sustained during his employment by respondent. Miller v. Lykes Bros.-Ripley S.S. Co., Inc., 5 Cir., 1938, 98 F.2d 185; Haskell v. Socony Mobil Oil Co., 1 Cir., 1951, 237 F.2d 707. As libelant's disability was unrelated to his employment, he is not entitled to maintenance beyond the day on which he was last paid.

### III.

Alternatively, assuming that there was an association between libelant's disability and his employment, he is not entitled to maintenance beyond the time at which he attained maximum cure. The right to maintenance extends to "a fair time after the voyage in which to effect such improvement in the seaman's condition as reasonably may be expected to result from nursing care and medical treatment", Calmar S.S. Corp. v. Taylor, 303 U.S. 525, 58 S.Ct. 651, 654, 82 L.Ed. 993, 1938 AMC 341, or to be cured as far as possible. Farrell v. United States, 336 U.S. 511, 69 S.Ct. 707, 93 L.Ed. 850, 1949 AMC 613. Peterson v. U. S., 9 Cir., 1955, 224 F.2d 748.

Judgment has been entered accordingly, rejecting the demands of the libelant, and dismissing the libel at libelant's cost.